## Oxford Valley Pets, Inc. v. Docktor Pet Centers, Inc.

*Neil E. Jokelson*, for plaintiff.
*Andrew F. Malone*, for defendant.

BIUNNO, *J.*, June 10, 1981—This matter comes before this court on the motion of plaintiff, Oxford Valley Pets, Inc., to enjoin a proceeding before the American Arbitration Association which was initiated by the parties.

### FINDINGS OF FACT

The relevant facts, as agreed to by the parties are as follows:

1. On August 26, 1977, Oxford Valley Pets, Inc., (hereinafter plaintiff), and Docktor Pet Centers, Inc., (hereinafter defendant), entered into a franchise agreement with plaintiff as franchisee and defendant as franchisor which contained an agreement to arbitrate "any and all disputes" be-

tween the parties unless specifically excepted by the franchise agreement.

2. Under the terms of the franchise agreement, Sidney Gross, a principal of the plaintiff corporation, "personally unconditionally" guaranteed "the performance of all obligations" assumed by plaintiff corporation under the contract.

3. At approximately the same time, Sidney Gross entered into a separate consultation agreement with defendant whereby Gross would receive certain sums of money for acting as a consultant to defendant. The consultation agreement was between Gross as an individual and defendant and was separate and apart from the franchise agreement.

4. On February 6, 1980, Gross filed an action in Philadelphia Common Pleas Court, (C. P. February term, 1980, no. 531) for monies which were allegedly due him under his consulation agreement with defendant. That action is still pending.

5. Defendant, in response to the complaint filed by Gross, filed an answer, admitting the existence of the consultation contract. It also filed new matter and a counterclaim which pled the existence of the franchise agreement to which Gross was guarantor and further alleged breaches of the franchise agreement. It alleged damages by which they sought to offset Gross's claim and to recover any excess on the counterclaim. Defendant did not, at any time, object to the jurisdiction of the court over these matters.

6. On or about September 26, 1980, defendant filed a demand for arbitration against plaintiff before the American Arbitration Association. The basis for the demand was the same set forth in the new matter and counterclaim which was filed in the common pleas court action brought by Gross,

but the arbitration solely involved plaintiff and defendant corporations.

7. On October 2, 1980, Gross filed a certificate of readiness in the common pleas court action. No objection thereto was filed by defendant.

8. In response to the demand for the arbitration proceeding, plaintiff has objected to the jurisdiction of the American Arbitration Association (hereinafter A.A.A.), at all relevant times.

9. On March 24, 1981, A.A.A. ruled that it did have jurisdiction and scheduled a hearing on the merits of the dispute for May 11, 1981. Subsequently, that hearing was continued until June 30, 1981 so that this present motion for injunctive relief could be litigated.

10. As to the prior common pleas action referred to in paragraph no. 4, Oxford Valley Pets, Inc. has stipulated that in the event the arbitration action is enjoined, it agrees that it may be joined as an additional defendant to Sidney Gross, plaintiff, on the counterclaim.

## ISSUE

The issue presented to this court is whether defendant, by pleading the breach of the franchise agreement in the new matter and counterclaim, has waived its right to submit this issue to the A.A.A. arbitration panel.

## DISCUSSION OF LAW

Arbitration is a matter of contract and without an agreement between the parties to arbitrate, a party cannot be compelled to arbitrate an issue: Lincoln System of Education v. Lincoln Association of University Professors, 467 Pa. 112, 354 A. 2d 576 (1976). There is no such agreement between de-

fendant and Gross in regard to the consultation agreement; therefore, it is clear that any violation of the consultation agreement cannot be forced into arbitration. It is equally as clear, and the parties admit, that the present dispute between plaintiff and defendant is covered by the arbitration clause of the franchise agreement.

Neither of the parties could cite any case in this or any other jurisdiction which held that a party waived its right to arbitration by raising the matter which would be the subject of arbitration in a judicial proceeding. Therefore, this appears to be a matter of first impression.

This court has reviewed the Commercial Arbitration Rules of the American Arbitration Association as amended and in effect January 1, 1980, and at the time arbitration was demanded and finds two rules of particular import in regard to the present action.

Section 1 of the A.A.A. Commercial Arbitration Rules provides that:

"AGREEMENT OF THE PARTIES—The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association or under its Rules. These Rules and any amendment thereof shall apply in the form obtaining at the time the arbitration is initiated."

Section 47(a) of the A.A.A. Commercial Arbitration Rules provides that:

"APPLICATION TO COURT—
(a) No judicial proceedings by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate."

Arbitration is a matter of contract and the parties

to the instant action have, by designating the A.A.A. as arbitrator, adopted the A.A.A. Commercial Arbitration Rules. Accordingly, defendants have not waived their right to arbitration by pleading the subject matter of the arbitration in the separate common pleas court proceeding.

## CONCLUSIONS OF LAW

By pleading the subject matter of the arbitration proceeding in the separate common pleas court action, defendant has not waived its right to arbitration. Accordingly, the following decree nisi is entered.

## DECREE NISI

And now, June 10, 1981, it is hereby ordered and decreed that plaintiff's motion to enjoin the arbitration hearing scheduled for June 30, 1981 is denied. If no exceptions are filed to this order within ten days of the date hereof, the order will become final.